IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| vs.      ) | CRIMINAL NO. 1:11-cr-902-MCA |
| ) | |
| STEVEN HENRY SISNEROS,      ) | |
| ) | |
| Defendant.      ) | |

## UNITED STATES' SENTENCING MEMORANDUM

This is the second time in seven years Steven Henry Sisneros will be federally sentenced for committing a sex crime against a family member. Sisneros committed his current crime a mere two months after he got out of federal prison and began his five-year term of supervised release. The victim in this case is Sisneros's 15-year-old cousin. Despite these aggravating factors, Sisneros demands a downward variance. The United States requests that the Court reject that demand and instead impose a sentence of 24 to 30 months consistent with the United States Sentencing Guidelines, with a term of incarceration for Sisneros's violation of supervised release to run consecutive to that sentence. In support of this request, the United States argues as follows:

     1.     In 2005, Sisneros was convicted of Aggravated Sexual Abuse, Criminal Number 1:06CR00049-001LH. The victim in that case was Sisneros's biological mother, and the crime involved the use of force. After striking her in the face and making threatening comments, Sisneros forced his mother to let him perform oral sex on her. She estimated that this went on for an hour. Sisneros was released from prison and began his term of supervised release for that conviction on January 20, 2011.

2.      Sisneros is now facing sentencing for sexually abusing his 15-year-old cousin between March 21, 2011 and March 25, 2011 – almost exactly two months after he was released. He and the victim spent those four days engaging in sexual intercourse while holed up in Sisneros's home.  Sisneros admits he had sex with the victim approximately eight times during this period.  At the time, the victim had come to Sisneros for help.  She had run away from home and turned to her 27-year-old cousin to provide a safe place for her to stay.

3.      A 15-year-old cannot consent to a sexual relationship with anyone, let alone to engaging in such a relationship with an older cousin.  Sisneros took advantage of a vulnerable young relative who ran away because, like many teens, she did not get along with her father. When she showed up at Sisneros's home, she obviously had few options.  Against this backdrop, Sisneros had a moral and legal obligation to treat the victim like the person she was – a misguided, and likely scared, child.  Sisneros instead took advantage of the situation and turned it into a four-day sexual romp that only ended when the police arrived.  Rather than face this reality, Sisneros suggests that "[t]rouble" came to him. [Doc. 31 filed 9/22/11 at ¶ 8.]  But it was not trouble that arrived on his doorstep.  It was a young cousin who asked for Sisneros's help.  In blaming his juvenile victim for the offense, Sisneros lays plain both his lack of full appreciation for the seriousness of what he did and his disregard for the law.

4.      A sentence of anything less than 24 to 30 months would not comply with the purposes for sentencing set forth in 18 U.S.C. § 3553(a).  The nature and circumstances of this offense show that it is serious, and the history and characteristics of the defendant weigh heavily in favor of a sentence at least this long.  A sentence below the guidelines range would not reflect what Sisneros did, promote respect for the law, provide just punishment, or deter criminal

conduct against vulnerable victims such as Sisneros's cousin. Given that Sisneros reoffended two months after being released from federal prison on a his first federal sentence, a sentence of less than two years plainly is inadequate to protect the public from further crimes by him. There is no other kind of sentence available to address Sisneros's criminal conduct, and a guidelines sentence ensures he imprisoned for a term consistent with those of similarly situated defendants who commit similar crimes. There simply is no mitigating factor in this case that justifies lighter treatment of Sisneros than the average defendant who preys on a child between the ages of 12 and 16 could expect to receive.

     5.     Finally, it is appropriate to impose a term of incarceration for Sisneros's violation of supervised release in Criminal Number 1:06CR00049-001LH that runs consecutive to the sentence the Court imposes for the crime charged in this case. The Sentencing Guidelines call for just such a result. *See* USSG §7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."). And this is consistent with the strong, distinct federal interest that arises when a defendant is serving a term of supervised release. After all, when imposing a term of supervised release, the Court fashions conditions designed to limit the risk of recidivism and support a defendant's transition back into his life. *See United States v. Johnson*, 529 U.S. 53, 59-60 (2000) (citing legislative history that indicates"the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly

short period in prison for punishment or other purposes but still needs supervision and training programs after release"); *United States v. Hanrahan*, 508 F.3d 962, 971 (10th Cir. 2007) ("It is well-established that the purpose of supervised release is to provide enough supervision to prevent recidivism on the part of the offender."). Where, like here, an offender pays no heed to the conditions a Court fashions, and, in facts, commits another sex offense two months after beginning supervised release, a consecutive period of incarceration is necessary and entirely appropriate.

WHEREFORE, the United States requests that the Court enter a sentence within the range the United States Sentencing Guidelines call for, impose a sentence for Sisneros's violation of supervised release to run consecutive to the sentence in this case, and reject Sisneros's request for a downward variance.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

Electronically Filed 9/23/11
Mark T. Baker
Assistant United States Attorney
Post Office Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein on September 23, 2011:


 */S/*
Mark T. Baker
Assistant U.S. Attorney