# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Steven Henry Sisneros** | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number: **1:11CR00902-001MCA**<br>USM Number: **31904-051**<br>Defense Attorney: **Thomas B. Jameson** |

THE DEFENDANT:

☒ admitted guilt to violations of condition(s)  **SC, Special**  of the term of supervision.
☐ was found in violation of condition(s)    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| SC | "The defendant failed to notify the probation officer ten days prior to any change in residence or employment." | 06/24/2013 |

The defendant is sentenced as provided in pages 1 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals. Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. Section 3553(a). The Court also believes the sentence is reasonable, provides just punishment for the offense and satisfies the need to impose a sentence that is sufficient, but not greater than necessary to satisfy the statutory goals of sentencing.

☐   The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **1729**<br>Last Four Digits of Defendant's Soc. Sec. No. | **August 20, 2013**<br>Date of Imposition of Judgment |
| **1983**<br>Defendant's Year of Birth | **/s/ J. Thomas Marten**<br>Signature of Judge |
| **Santa Clara, NM**<br>City and State of Defendant's Residence | **J. Thomas Marten**<br>**United States District Judge**<br>Name and Title of Judge |
| | **August 26, 2013**<br>Date Signed |

Defendant: **Steven Henry Sisneros**
Case Number: **1:11CR00902-001MCA**

## ADDITIONAL VIOLATIONS

| *Violation Number* | *Nature of Violation* | *Violation Ended* |
|---|---|---|
| Special | "The defendant failed to participate in and successfully complete an outpatient mental health treatment program approved by the probation officer." | 06/24/2013 |

Defendant: **Steven Henry Sisneros**
Case Number: **1:11CR00902-001MCA**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **8 months; Said term shall run concurrent to the sentence imposed in CR 06-49** .

☒ The court makes these recommendations to the Bureau of Prisons:

**Santa Fe County Detention Center, if eligible**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Steven Henry Sisneros**
Case Number: **1:11CR00902-001MCA**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **52 months** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
☒ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is to be a condition of supervised release that the defendant pay in accordance with Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any local, state, tribal, or federal registration agency in the jurisdiction in which he or she resides, works, or is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the juridsiction of residence;
14) the defendant shall waive his/her right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant`s progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;
15) the defendant shall submit to a search of person, property, house, residence, vehicles, documents, businesses, computers, and other electronic communications or data storage devices or media effects [as defined in 18 U.S.C. 1030(e)(1)], at any time, by a probation officer with reasonable suspicion concerning a violation of a condition of probation or supervised release, or unlawful conduct by the person, in the lawful discharge of the officer`s supervision functions. The defendant shall inform any other occupants that the premises may be subject to searches pursuant to the condition. Failure to submit to a search may be grounds for revocation of supervision;

16) the defendant shall not have any direct or indirect contact or communication with the victim or his or her family, or go near or enter the premises where the victim or his or her family resides, is employed, attends school or treatment, except under circumstances approved in advance and in writing by the probation officer.

Defendant: **Steven Henry Sisneros**
Case Number: **1:11CR00902-001MCA**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit materials, alcohol, drugs, or any illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Office.**

**The defendant shall reside at and complete a program at a Residential Reentry Center approved by the probation officer for a period of up to 6 months.**

**The defendant shall not have any direct or indirect contact or communication with the victim, or go near or enter the premises where the victim reside, employed, attend school or treatment, except under circumstances approved in advance and in writing by the probation officer.**

**Immediately upon the defendant's commencement of supervision, or as soon as possible thereafter, the defendant shall undero a risk assessment and/or psychosexual evaluation and begin participating in sex offender treatment, consistent with the recommendations of the assessment and/or evaluation. Furthermore, the defendant shall submit to clinical polygraph testing and any other specific sex offender testing, as directed by the probation officer. The defendant may be required to pay a portion of the cost of testing or treatment as determined by the probation officer.**

**The defendant shall be prohibited from viewing or possessing any material including photographs, images, books, writings, drawings, videos or video games, depicting and/or describing sexually explicit conduct or child pornography as defined in 18 U.S.C. 2256.**

**The defendant must not have contact with children under the age of 18 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer.**

**The defendant is restricted from engaging in an occupation where he has access to children, without prior approval of the probation officer.**

**The defendant must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18.**

**The defendant must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities.**